**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3755-18T2

ALEXANDER JAROSZEWICZ,
a minor by his Guardian Ad Litem,
ANETA CYRKLER and ARTUR
JAROSZEWICZ, and ANETA
CYRKLER and ARTUR
JAROSZEWICZ, individually,

      Plaintiffs-Respondents,

v.

PAK-KAN ALBERT LO, M.D.,
and HACKETTSTOWN RADIOLOGY
ASSOCIATES,

      Defendants,

and

CLAY ROBERT HINRICHS, M.D.,

      Defendant-Appellant.

_____

Argued September 24, 2019 – Decided October 18, 2019

Before Judges Hoffman and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5482-15.

Nancy Crosta Landale argued the cause for appellant (Farkas & Donohue, LLC, attorneys; Evelyn Cadorin Farkas, of counsel, Nancy Crosta Landale, on the brief).

E. Drew Britcher argued the cause for respondent (Britcher Leone, LLC, attorneys; E. Drew Britcher, of counsel and on the brief; Jessica E. Choper, on the brief).

PER CURIAM

We granted defendant Dr. Clay Hinrichs leave to appeal the March 29, 2019 Law Division order denying his motion for summary judgment. We dismiss the appeal as improvidently granted.

In January 2014, plaintiff A.J. was born with several severe congenital anomalies. According to plaintiffs' brief, A.J. was born with "anophthalmia (no eyes), extra digits (polydactyly) and cardiac anomalies." In August 2015, A.J.'s parents[1] filed a "wrongful life" medical malpractice complaint against defendant

---

[1] A.J.'s parents sue individually and as guardians ad litem for A.J.

radiologists,[2] alleging they failed to accurately interpret prenatal ultrasounds; as a result, A.J. "was born . . . severely and permanently impaired."

In support of their claims, plaintiffs produced reports from two medical experts, Dr. William Matuozzi, a board certified radiologist, and Dr. Alfred Abuhamad, an obstetrician/gynecologist and maternal-fetal medicine specialist.

Prior to Dr. Matuozzi's deposition, plaintiffs' attorney announced that Dr. Matuozzi "will not be offering any criticism of [defendant] concerning the July 29 ultrasound scan." In response, defendant's attorney asked, "Can we agree that Dr. Matuozzi will not be offering any standard of care opinions against [defendant]?" Plaintiffs' attorney replied, "That is correct."

Based on this exchange, defendant's attorney did not question Dr. Matuozzi during his deposition, and immediately filed a motion for summary judgment. Plaintiffs opposed the motion, arguing that Dr. Matuozzi still holds the opinion that Dr. Hinrichs deviated from accepted standards of care relative to a November 5, 2013 ultrasound reading, and remains ready to provide his criticisms regarding that ultrasound. Plaintiffs' attorney submitted a certification explaining that he intended to make clear that "Dr. Matuozzi was

---

[2]  Plaintiffs' complaint names Dr. Pak-Kan Albert Lo, Dr. Hinrichs, and Hackettstown Radiology Associates as defendants. Since this appeal only concerns plaintiffs' claims against Dr. Hinrichs, we refer to him as defendant.

3

only withdrawing his criticism of the July 29, 2013 ultrasound study and not the November 5, [2013] ultrasound study."

According to plaintiffs, Dr. Matuozzi still holds the opinion that defendant deviated from the accepted standard of care in regard to the November 5, 2013 ultrasound, and that his report states as much. Plaintiffs point to the following two sentences in Dr. Matuozzi's expert report, "The 11/5/13 follow up obstetrical ultrasound is limited but shows no placenta previa, and no marginal/low lying placenta. The far field cerebral lateral ventricle is sub-optimally demonstrated but as visualized measures at least 10mm in diameter."

In light of the apparent miscommunication at the start of Dr. Matuozzi's deposition, the motion judge denied summary judgment, noting that "reasonable minds can differ." While denying the motion, the judge permitted defendant to "retake" Dr. Matuozzi's deposition at "plaintiff[s]' counsel's cost," concluding "that would be . . . fair under the circumstances."

Plaintiffs presented an alternative basis for opposing defendant's motion – that Dr. Abuhamad is competent and qualified to render an expert opinion as to the standard of care required of a radiologist in interpreting a pre-natal ultrasound. Defendant strongly opposed this argument, asserting that the Patients First Act (the Act), N.J.S.A. 2A:53A-37 to -42, precludes Dr.

Abuhamad from serving as an expert against defendant, who is board certified in diagnostic radiology. The Act "establishes qualifications for expert witnesses in medical malpractice actions and provides that an expert must have the same type of practice and possess the same credentials, as applicable, as the defendant health care provider, unless waived by the court." Nicholas v. Mynster, 213 N.J. 463, 479 (2013) (internal quotations omitted) (quoting Assembly Health & Human Services Committee, Statement to Assembly Bill No. 50 at 20 (Mar. 4, 2004)). Because the judge ruled that he would consider Dr. Matuozzi's opinion as to the November 5, 2013 ultrasound, after first providing defense counsel the opportunity to retake his deposition, the judge declined to address whether plaintiffs could utilize Dr. Abuhamad as a standard-of-care expert against defendant.

Considering that "[i]nterlocutory review . . . is to be exercised only sparingly, because of the strong policy that favors an uninterrupted proceeding at the trial level with a single and complete review," Grow Co. v. Chokshi, 403 N.J. Super. 443, 461 (App. Div. 2008) (internal quotation marks and citations omitted); see also State v. Reldan, 100 N.J. 187, 205 (1985), we dismiss this appeal as we conclude leave was improvidently granted. See State v. Abeskaron, 326 N.J. Super. 110, 122 (App. Div. 1999) (citation omitted)

(recognizing "[a]n appellate court may vacate an order granting leave to appeal as improvidently granted").

We remand this matter to the Law Division for the trial judge to issue an order compelling Dr. Matuozzi's re-deposition within thirty days, at plaintiffs' expense, to allow defendant the opportunity to fully explore his opinions. After the deposition, the judge shall permit defendant to refile his summary judgment motion, wherein he may renew his challenge to the ability of Dr. Abuhamad to provide standard of care opinions against defendant. After briefing and argument, the judge shall then provide Rule 1:7-4 findings addressing all issues raised, in accordance with summary judgment standards.

Dismissed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3755-18T2